**Joseph H. WHALEY et al., Appellees,**

v.

**HOLLY HILLS MEMORIAL PARK, INC., et al., Appellants.**

Court of Appeals of Tennessee, Eastern Section.

Oct. 4, 1972.

Rehearing Denied Nov. 15, 1972.

Certiorari Denied by Supreme Court Feb. 5, 1973.

David E. Rodgers, Knoxville, for appellants.

Thomas R. Henley, Knoxville, for appellees.

## OPINION

PARROTT, Judge.

Defendant has appealed from the chancellor's decree holding its contract of sale of cemetery lots, cryptoriums and bronze memorials to the complainants to be in violation of T.C.A. 62–528 and declaring same void and unenforceable.

On April 7, 1971, complainants entered into a contract with the defendant, Holly Hills Memorial Park, Inc., whereby they agreed to purchase cemetery lots, crypts and bronze memorials for a deferred payment price of $1,238.92. As provided by the contract, complainants executed a promissory note with an unpaid balance in the amount of $1,186.92 payable in 84 monthly installments of $14.13 each. Subsequent to complainant's entering into this contract, they stopped payment on their check given to the defendants as a down

payment. Thereafter, they brought this action in the Chancery Court seeking to void the contract and note.

In the chancery action, among other things, it was averred the contract and note were void as being in violation of Sec. 62–528 of the Tennessee Code Annotated. This section in its entirety provides:

"Any agreement, contract or plan requiring the payment of money in a lump sum or installments which is made or entered into with any person, association, partnership, firm or corporation for the final disposition of a dead human body, or for funeral or burial services, or for the furnishing of personal property or funeral or burial merchandise, wherein *the use* or the personal property or the funeral or burial merchandise or the furnishing of professional services by a funeral director or embalmer *is not immediately required*, is hereby declared to be against public policy and void, unless all money paid thereunder shall be paid to and held by a bank or trust company which is authorized to do business in this state, or an insured federal savings and loan association, and subject to the terms of an agreement for the benefits of the purchaser of said agreement, contract or plan, provided, however, for the purpose of §§ 62–528—62–535, personal property shall not be construed to include cemetery lots or permanent grave markers." (emphasis supplied)

First, defendant argues that the above section is not applicable to cemeteries but applies only to funeral directors.

In support of this argument, defendant offers in evidence a letter of June 21, 1967, addressed to Assistant Commissioner of Insurance and Banking from the Attorney General's office which in part says: ". . . in regard to crypts or vaults which are installed in cemetery lots under a contract with a person before his death. It is my opinion that such an installation is not within the provisions of Section 62–528, Tennessee Code Annotated, since the contract provides for immediate rather than for future delivery of crypts or vaults."

■ It must be noted that an opinion of the attorney general may be persuasive but is in no way binding authority. Such opinions do not have the import or effect of court decisions. Further, as will be pointed out, the defendants do not meet the requirements of "immediate" delivery set out in the Attorny General's letter.

■ Under the facts of this case, we think there is no question but T.C.A. 62–528 is applicable to the defendant's contract. It is our opinion the materials to be furnished under this contract come within the meaning of the statute. Further, when we consider the admissions of Charles S. Hobbs, Jr., manager of the defendant's cemetery, that the crypt is placed "in the ground upon its being paid for or at the time or the purchaser's death," the only rational conclusion to be reached is that the contract is for future burial merchandise. Mr. Hobbs also testified purchase monies under these contracts were not deposited in accordance with T.C.A. 62–529 which provides:

"All such money shall be deposited with such bank or trust company and shall be held by such bank or trust company in a separate account in the names of a designated trustee and the purchaser of said merchandise or service under said agreement, contract or plan, until said fund is released as herein provided."

Under the facts of this particular case, since the materials contracted for are governed by the statute and the undisputed proof shows a future delivery of the materials, the purchase monies paid under the contract must be deposited in a bank or trust company in a separate account. See T.C.A. 62–529.

We find no merit in defendant's argument that since, under this particular contract, complainants have paid no monies,

the statute should not be applicable. T.C.A. 62–528 clearly states contracts coming within the statute are against public policy and void.

For the foregoing reasons, all assignments of error are overruled, the decree of the chancellor affirmed with costs taxed to the defendant.

COOPER, P. J. (E. S.), and SANDERS, J., concur.